UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4659

MARK ANTHONY BECKFORD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-95-174)

Submitted: January 13, 1998

Decided: January 30, 1998

Before ERVIN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Rebecca A. Betts, United States Attor-
ney, John C. Parr, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Anthony Beckford appeals his conviction after a guilty plea to knowingly conspiring to distribute and to possess with intent to distribute cocaine base and hydromorphone in violation of 21 U.S.C. § 846 (1994). Beckford claims that the district court abused its discretion in denying his motion to withdraw his guilty plea and clearly erred in attributing 1309 grams of cocaine base to him for sentencing purposes. Finding no abuse of discretion and no clear error, we affirm.

First, Beckford claims that the district court abused its discretion in denying his motion to withdraw his guilty plea because he now asserts for the first time that his guilty plea was not entered into knowingly. In fact, before the district court during the hearing of his motion to withdraw his plea, Beckford expressly disavowed this as a basis for his motion. (J.A. at 174). On appeal Beckford contends that his plea was unknowing because his attorney did not advise him that after the Government dropped the charge of aiding and abetting the possession with intent to distribute cocaine base, the evidence was insufficient to convict him on the conspiracy count. We disagree.

This court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993). We find that the district court did not abuse its discretion in concluding that the defendant failed to show a "fair and just" reason sufficient to permit the withdrawal of his guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also Fed. R. Crim. P. 32(d). Our review of the record discloses ample support for the district court's findings that Beckford's guilty plea was knowingly and voluntarily entered, that Beckford did not credibly assert his legal innocence, that there was a delay between the entering of the plea and the filing of the motion,

2

and that Beckford had the close assistance of competent counsel. To the extent that Beckford now contends that his plea was unknowing because his attorney did not adequately advise him on the alleged insufficiency of the evidence against him, we conclude that he has failed to show attorney ineffectiveness. See United States v. DeFreites, 865 F.2d 80, 82 (4th Cir. 1989). During his plea hearing the Government forecast considerable evidence against Beckford apart from the evidence related to the aiding and abetting count of his indictment. Additionally, because we find that his plea was voluntary and intelligent, Beckford may not, after pleading guilty, attack the factual foundation of the indictment. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Next, Beckford asserts that the district court clearly erred in finding that the 1309 grams of cocaine base retrieved from the November 1995 shipment was attributable to him for sentencing purposes. Specifically, Beckford claims that such a large amount of cocaine base was not reasonably foreseeable to him and not within the scope of his agreement. To attribute to Beckford for sentencing purposes the acts of others in jointly-undertaken criminal activity, these acts must have been within the scope of his agreement and must have been reasonably foreseeable to him. See U.S. Sentencing Guidelines Manual § 1B1.3, comment. (n.2) (1995). If the amount of attributable drugs is in dispute, the district court must make an independent resolution of the factual issue at sentencing and the Government must establish the amount by a preponderance of the evidence. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The district court's determination regarding the amount of drugs to be attributed to a defendant is a factual question that will be overturned only if clearly erroneous. See United States v. Vinson, 886 F.2d 740, 742 (4th Cir. 1989).

After reviewing the record, we conclude that the district court did not clearly err in determining by a preponderance of the evidence that the 1309 grams of cocaine base from the November 1995 shipment was within the scope of Beckford's agreement and reasonably foreseeable to him. The district court made factual findings concerning Beckford's role in the conspiracy and the amount attributable to him. Specifically, the district court determined that although Beckford did not transport or distribute the 1309 grams of cocaine base, Beckford,

3

because of his role and involvement in the conspiracy, should have had knowledge of the November 1995 transaction. After hearing testimony that Beckford was the conspiracy leader's "right-hand man" who traveled with him and held money and drugs for him, the district court concluded that Beckford was not a minimal participant in the conspiracy. The district court found that Beckford collected large amounts of money for the conspiracy leader, that Beckford possessed the credit card that was used to rent the car which transported the November 1995 shipment of cocaine base, and that Beckford was present on several occasions when the conspiracy leader sold drugs. Accordingly, the district court found by a preponderance of the evidence that the November 1995 shipment of 1309 grams of cocaine base was reasonably foreseeable to him and within the scope of his agreement and thus attributed the shipment to Beckford.

Because we find that the district court did not abuse its discretion in determining that Beckford failed to show a "fair and just" reason to withdraw his guilty plea and because we conclude that the district court did not clearly err in attributing the 1309 grams of cocaine base from the November 1995 shipment to Beckford, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4